IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
SOUTHEAST BUSINESS            *
NETWORK, INC.,                *
                              *
     Plaintiff,               *
                              *
     v.                       *    CV 415-159
                              *
SECURITY LIFE OF DENVER       *
INSURANCE CO. and VOYA        *
RETIREMENT INSURANCE AND      *
ANNUITY CO. f/k/a ING LIFE    *
COMPANIES,                    *
                              *
     Defendants.              *
```

O R D E R

Presently before the Court are three motions: (1) Plaintiff's motion to remand (Doc. 18); (2) Defendants' motion to dismiss (Doc. 7); and (3) Defendants' motion for sanctions (Doc. 25). For the reasons below, the Court **DENIES** the motion to remand, **GRANTS** the motion to dismiss, and **ORDERS** Plaintiff to show cause regarding the motion for sanctions.

I. BACKGROUND

This case arises from a $5 million life insurance policy issued by Defendants for the life of Sushila K. Shah. (Compl., Doc. 1-1.) Effective on July 19, 2006, the policy named DDS Trust as owner and sole beneficiary. (Id.) Shortly thereafter, DDS Trust collaterally assigned certain rights under the policy to Plaintiff, including a right to a portion of the death benefit. (Id.) Then, on or about September 5, 2008, DDS Trust

designated Dharmistha Shah as an irrevocable beneficiary under the policy. (Doc. 7-2, Ex. A.) Less than two years later, Sushila Shah died, and Dharmista Shah and Plaintiff made competing claims to the benefit. (Id., Exs. M-O.) Consequently, Defendants filed an interpleader action against Plaintiff and Dharmistha Shah in the Savannah Division of the United States District Court for the Southern District of Georgia. (See Security Life of Denver Life Ins. Co. v. Shah, No. 4:11-cv-008, (S.D. Ga. Aug. 29, 2012), Doc. 1-1, Ex. E.) In response, Plaintiff filed a counterclaim against Defendant Security Life of Denver Insurance Company ("Security Life") alleging breach of contract. (Doc. 7-2, Ex. Q.) As to those claims, the Court granted Security Life's motions for interpleader and summary judgment. (Id., Ex. A.)

Plaintiff then initiated this case on January 18, 2015, by filing a complaint in the Eighteenth Judicial Circuit in and for Seminole County, Florida. Defendants were served with the complaint, which alleged one count of negligence and one count of tortious interference with contract, on April 9, 2015. Within the United States District Court for the Middle District of Florida on April 27, 2015, Defendants filed a notice of removal, an answer to Plaintiff's complaint, a motion to

2

transfer venue, and a motion to dismiss Plaintiff's complaint[1] on grounds of *res judicata* and collateral estoppel.

On May 22, 2015, the Middle District of Florida transferred the instant action to this Court. Subsequently, Plaintiff filed a motion to remand, and Defendants filed a motion for sanctions. To Defendants' motion to dismiss and motion for sanctions, Plaintiff has yet to file a response.

## II. Motion to Remand

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). It is well established that removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand."); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly."). In evaluating this motion, a district court "has before it only the limited universe of evidence available when the motion to remand is filed — i.e.,

---

[1] Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6); however, Defendants waived any Rule 12(b)(2)-(3) defenses when they failed to assert them in their answer to Plaintiff's complaint (Doc. 5). See Fed. R. Civ. P. 12(h)(1). Hence, this motion will be considered only as it relates to Rule 12(b)(6).

the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214-15.

For an action to be properly removed to federal court, the federal court must have original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332. The present case does not arise under federal law; therefore, this Court must decide whether diversity jurisdiction exists.

Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the removal context, two additional conditions must be met. First, no defendant can be a citizen of the state in which the case was brought. 28 U.S.C. § 1441(b)(2). Second, a case cannot be removed more than one year after it was filed in state court. 28 U.S.C. § 1446(c)(1).

## A. Diversity of Citizenship

To meet the diversity of citizenship requirement, a defendant's notice of removal "must distinctly and affirmatively

allege each party's citizenship." <u>Seven Oaks Constr., L.L.C. v. Talbot Constr., Inc.</u>, No. 2:11cv140, 2011 WL 1297971, at *1 (N.D. Ala. Apr. 5, 2011)(citing <u>McGovern v. Am. Airlines, Inc.</u>, 511 F.2d 653, 654 (5th Cir. 1975)). To sufficiently allege the citizenship of one or more corporations, the notice must provide the state in which each corporation has been incorporated and the state in which each corporation's principal place of business is located. <u>See</u> 28 U.S.C. § 1332(c)(1); <u>Marshall v. Washington</u>, 487 F. App'x 523, 526 (11th Cir. 2012) (discussing how a defendant can properly allege the citizenship of corporations in the removal context). In this case, Defendants' notice of removal provides the necessary allegations of citizenship. "Plaintiff is a corporation organized under the laws of the State of Georgia and has its principal place of business in Chatham County, Georgia." (Not. of Rem., Doc. 1, ¶ 7.) "Defendant Security Life of Denver Insurance Company is a corporation organized under the laws of the State of Colorado with its principal place of business in the State of New York." (<u>Id.</u>, ¶ 8.) "Defendant Voya Retirement Insurance Co. f/k/a ING Life Companies are corporations organized under the laws of the State of Delaware with their principal place of business in the State of New York." (<u>Id.</u>, ¶ 9.)

With these allegations, Defendants have shown (1) that Plaintiff is not a citizen of any state in which Defendants have

5

citizenship and (2) that neither defendant is a citizen of the forum state. Additionally, Defendants removed this case less than one year from the time in which it was filed. (Id.) As a result, Defendants have met their burden of establishing diversity of citizenship.

### B. Amount in Controversy

When a complaint "does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds [$75,000]." Williams, 269 F.3d at 1319. If the amount is not facially apparent, the court should "look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1319-20.

In its complaint, Plaintiff does not specifically "pray for," "request," or "seek" any amount of damages. (Doc. 1-1.) Yet, Plaintiff does allege that "[its] damages include an amount equal to approximately $3,600,000.00 plus attorneys fees and costs incurred during the interpleader." (Id.) Furthermore, Plaintiff notes that it "ultimately received an amount that was approximately $3,600,000.00 less than what was contractually

guaranteed to [it]." (Id.) Given these statements, it is "facially apparent" that the amount-in-controversy requirement is met.

### III. Motion to Dismiss

Before considering the merits of Defendants' motion to dismiss, the Court will first address Plaintiff's failure to respond.

Local Rule 7.5 provides that "[u]nless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion." LR 7.5, SDGa. "Failure to respond within the applicable time period shall indicate that there is no opposition to [the] motion." Id. In the present case, Plaintiff was served with a copy of Defendants' motion to dismiss via United States mail on April 23, 2015 (Doc. 7-1), and was provided electronic notice of the motion on April 28, 2015 (Docket Entry 7). On June 3, 2015, thirty-six days after the motion's filing, Defendants entered a notice of no opposition to the motion to dismiss. (Doc. 22.) Today, over one hundred days later, Plaintiff still has not filed a response.

Because of this failure to respond, the Court considers Plaintiff to have "no opposition" to the motion. LR 7.5, SDGa. However, the Eleventh Circuit has held that a district court may

7

only dismiss an action for failure to comply with a local rule when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). Here, there is insufficient evidence of Defendants "engag[ing] in a clear pattern of delay or contempt." Id. Thus, the Court must undertake a review of the motion's merits.

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court need not, however, accept the complaint's legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### A. *Res Judicata*

Defendants contend that Plaintiff's claims are precluded by *res judicata*. Under the doctrine of *res judicata*, a claim will be barred by prior litigation if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Id. at 1239.

From the record, it is clear that the first three requirements are met. First, there was a final judgment on the merits in the parties' first lawsuit. (Security Life of Denver Life Ins. Co. v. Shah, No. 4:11-cv-008, Doc. 7-2.) In that case, the Court granted Security Life's motion for summary

9

judgment on Plaintiff's breach of contract claim. (Id.) Second, the prior decision was made by the Federal District Court for the Southern District of Georgia, which was a court of competent jurisdiction. Third, the parties are identical in both cases.[2]

Turning to the fourth element, the same cause of action is involved in both cases. In the prior lawsuit, Plaintiff alleged a breach of contract by Security Life on two grounds. (Doc. 7-2, Ex. Q.) First, Security Life "fail[ed] to protect [Plaintiff's] assignee interests and fail[ed] to pay the insurance benefits to [Plaintiff] as assignee." (Id.) Second, Security Life "process[ed] various change requests without notice to [Plaintiff]." Now, in this case, Plaintiff has asserted a negligence claim alleging that Defendants "breached their duty to Plaintiff by filing the interpleader and requiring the Plaintiff to litigate over benefits to which it was rightfully entitled." (Doc. 1-1.) Plaintiff has also asserted a tortious interference with contract claim alleging that "Defendant[s] inducted [sic] the parties to breach the agreement

---

[2] Although Defendant Voya Retirement Insurance and Annuity Company was not a named defendant in the prior suit (Doc. 7-2), this fact does not alter the determination that the parties are identical. See Goodridge v. Quicken Loans, Inc., No. CV 115-093, 2015 WL 4487757, at *2 n.2 (S.D. Ga. July 22, 2015); Official Publ'ns, Inc. v. Kable News Co., 811 F. Supp. 143, 147 (S.D.N.Y. 1993) ("Where the 'new' defendants are sufficiently related to one or more of the defendants in the previous action which arises from the same transaction all defendants may invoke res judicata.").

by filing an interpleader forcing litigation." (Id.) Based on these pleadings, it is apparent that the present tort claims and the previous contract claims arose from the same nucleus of operative fact: Defendants acted inconsistent with its obligations to Plaintiff by failing to award it with the death benefit.

While the elements of res judicata are met such that the tort claims should be barred, the policy behind res judicata also favors dismissal. The Court in Ragsdale, 193 F.3d at 1238, stated that res judicata should operate to "bar[] the filing of claims which were raised or could have been raised in an earlier proceeding." Here, the present claims could have been brought in the earlier suit. First, the alleged wrongful conduct of Defendants underlying the present claims—filing an interpleader action—was well known to Plaintiff at the time its contract claim was asserted. Second, Plaintiff has not asserted any newly-discovered facts that make its claims more likely to succeed now.

Because res judicata bars Plaintiff's tort claims, Plaintiff has failed to state a claim upon which relief can be granted, and its case must be dismissed.[3]

---

[3] Consequently, the Court need not address Defendants' other grounds for dismissal.

### B. *Lee v. West Life Insurance Company*

As support for its contention that "independent tort damages are still available" against Defendants, Plaintiff cites to <u>Lee v. West Coast Life Ins. Co.</u>, 688 F.3d 1004 (9th Cir. 2012), in its complaint. (Compl., Doc. 1-1, at 4.) However, the Ninth Circuit makes clear in <u>Lee</u> that such damages are unavailable if the alleged tortious conduct is the filing of an interpleader action. <u>Lee</u>, 688 F.3d at 1012-14. Thus, as it bases its tort claims on Defendants' interpleader action, Plaintiff's reliance on <u>Lee</u> fails.

### IV. Motion for Sanctions

Lastly, Defendants have filed a motion for sanctions, pursuant to Federal Rule of Civil Procedure 11(b), seeking "all reasonable attorney's fees and costs incurred in its defense of this action, and any and all other relief the Court deems just." (Doc. 25.) In the Eleventh Circuit, "three types of conduct warrant Rule 11 sanctions: '(1) when a party files a pleading that is based on a legal theory that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.'" <u>Didie v. Howes</u>, 988 F.2d 1097, 1104 (11th

Cir. 1993) (citing Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991)). If they are warranted, sanctions must be limited to what "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Specifically, sanctions may include (1) "nonmonetary directives"; (2) "an order to pay a penalty into court"; or (3) "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id.

Yet, before a motion for sanctions can be filed, the movant must provide a copy of the motion to the opposing party and provide that party with twenty-one days to correct the matter. Fed. R. Civ. P. 11(c)(2). Here, Defendants have certified that they complied with this requirement. (Doc. 25.)

Upon review, the Court acknowledges that Defendants' motion for sanctions may be reasonable and that Plaintiff has failed to respond. However, given the posture of this case, the Court will provide Plaintiff with an extension of seven days to show cause as to why Rule 11 sanctions should not be imposed.

### V. CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's motion to remand (Doc. 18), **GRANTS** Defendants' motion to dismiss (Doc.

7), and **ORDERS** Plaintiff to show cause, in writing, within **SEVEN (7) DAYS** of the date of this Order as to why Defendants' motion for sanctions (Doc. 25) should not be granted. The Court also **ORDERS** Defendants to file a memorandum within **FOURTEEN (14) DAYS** of the date of this Order detailing the reasonable attorney's fees, costs, and expenses they have incurred as part of this suit.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of August, 2015.

> HONORABLE J. RANDAL HALL
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF GEORGIA