IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SOUTHEAST BUSINESS NETWORK, INC., | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 415-159 |
| SECURITY LIFE OF DENVER INSURANCE CO. and VOYA RETIREMENT INSURANCE AND ANNUITY CO. f/k/a ING LIFE COMPANIES, | * * * * * * * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Defendants' motion for sanctions. (Doc. 25.) With this motion, Defendants seek a court order requiring Plaintiff to pay "all reasonable attorney's fees and costs incurred in [Defendants'] defense of this action." (Id.) For the reasons below, Defendants' motion is **GRANTED IN PART**.

**I. BACKGROUND**

This case arises from a $5 million life insurance policy issued by Defendants for the life of Sushila K. Shah. (Compl., Doc. 1-1.) Effective on July 19, 2006, the policy named DDS Trust as owner and sole beneficiary. (Id.) Shortly thereafter, DDS Trust collaterally assigned certain rights under the policy to Plaintiff, including a right to a portion of the death benefit. (Id.) Then, on or about September 5, 2008, DDS Trust

designated Dharmistha Shah as an irrevocable beneficiary under the policy. (Doc. 7-2, Ex. A.) Less than two years later, Sushila Shah died, and Dharmista Shah and Plaintiff made competing claims to the benefit. (Id., Exs. M-O.) Consequently, Defendants filed an interpleader action against Plaintiff and Dharmistha Shah in the Savannah Division of the United States District Court for the Southern District of Georgia. (See Security Life of Denver Life Ins. Co. v. Shah, No. 4:11-cv-008 (S.D. Ga. Aug. 29, 2012), Doc. 1-1, Ex. E.) In response, Plaintiff filed a counterclaim against Defendant Security Life of Denver Insurance Company ("Security Life") alleging breach of contract. (Doc. 7-2, Ex. Q.) As to those claims, the Court granted Security Life's motions for interpleader and summary judgment. (Id., Ex. A.)

Plaintiff then initiated this case on January 18, 2015, by filing a complaint in the Eighteenth Judicial Circuit in and for Seminole County, Florida. Defendants were served with the complaint, which alleged one count of negligence and one count of tortious interference with contract, on April 9, 2015. Within the United States District Court for the Middle District of Florida on April 27, 2015, Defendants filed a notice of removal, an answer to Plaintiff's complaint, a motion to transfer venue, and a motion to dismiss Plaintiff's complaint on grounds of *res judicata* and collateral estoppel.

2

On May 22, 2015, the Middle District of Florida transferred the instant action to this Court. Subsequently, Plaintiff filed a motion to remand, and Defendants filed a motion for sanctions.

On August 27, 2015, this Court denied Plaintiff's motion to remand, granted Defendants' motion to dismiss on *res judicata* grounds, and ordered Plaintiff to show cause regarding Defendants' motion for sanctions. (Doc. 26.) Since that time, Plaintiff has submitted a memorandum stating why sanctions should not be imposed (Doc. 28), and Defendants have submitted a memorandum detailing its litigation costs (Doc. 29). As a result, the Court will now consider Defendants' motion for sanctions.

## II. DISCUSSION

According to Federal Rule of Civil Procedure 11(c), "[i]f after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In the Eleventh Circuit, Rule 11(b) can be violated in three ways: "'(1) when a party files a pleading that is based on a legal theory that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to

3

change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.'" Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991)). In evaluating the conduct at issue, the Court uses an objective standard of reasonableness to determine "'whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of signing.'" Didie, 988 F.2d at 1104 (quoting Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1331 (11th Cir. 1992)). If "a party exhibits a deliberate indifference to obvious facts," sanctions are warranted, "but not when the party's evidence to support a claim is merely weak." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

Yet, before a motion for sanctions can be considered, the movant must provide a copy of the motion to the opposing party and provide that party with twenty-one days to correct the matter. Fed. R. Civ. P. 11(c)(2). Here, Defendants have certified that they complied with this requirement (Doc. 25) thus making Defendants' motion ripe for consideration. However, the Court will only consider sanctions as to Plaintiff's counsel, Thomas Kastelz. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)("Imposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper."); Williams v. Fla. Health Scis.

4

Ctr., Inc., No. 8:05-CV-68-T-23, 2007 WL 641328, at *2 (M.D. Fla. Feb. 26, 2007), aff'd 293 F. App'x 757 (11th Cir. 2008); Ransaw v. Hernando Cnty. Sch. Bd., No. 8:06-CV-2393-T-23, 2007 WL 4163396, at *5 (M.D. Fla. Nov. 20, 2007). Kastelz is the individual who signed the pleadings and was obligated to advise his client that the doctrine of *res judicata* barred further litigation.

### A. Propriety of Sanctions

"Rule 11 sanctions are appropriate where a party files a claim barred by res judicata." Williams, 2007 WL 641328, at *4 (citing Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989)). For the doctrine of *res judicata* to apply to a given claim, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Id. at 1239.

As noted in the Court's order dismissing Plaintiff's claims, all four *res judicata* elements are present in this case. (Doc. 26.) While the causes of action in the two cases differ in form, they are nevertheless the same in substance:

> In its prior lawsuit, Plaintiff alleged a breach of contract by Security Life on two grounds. (Doc. 7-2, Ex. Q.) First, Security Life "fail[ed] to protect [Plaintiff's] assignee interests and fail[ed] to pay the insurance benefits to [Plaintiff] as assignee." (<u>Id.</u>) Second, Security Life "process[ed] various change requests without notice to [Plaintiff]." Now, in this case, Plaintiff has asserted a negligence claim alleging that Defendants "breached their duty to Plaintiff by filing the interpleader and requiring the Plaintiff to litigate over benefits to which it was rightfully entitled." (Doc. 1-1.) Plaintiff has also asserted a tortious interference with contract claim alleging that "Defendant[s] inducted [sic] the parties to breach the agreement by filing an interpleader forcing litigation." (<u>Id.</u>) Based on these pleadings, it is apparent that the present tort claims and the previous contract claims arose from the same nucleus of operative fact: Defendants acted inconsistent with its obligations to Plaintiff by failing to award it with the death benefit.

(Doc. 26.)

Because Plaintiff's claims have been dismissed as a result of *res judicata*, the appropriate sanctions inquiry is whether Kastelz filed a case "based on a legal theory that [had] no reasonable chance of success and that [could] not be advanced as a reasonable argument to change existing law." Thus, the ultimate question for this Court is whether a reasonable

6

attorney in Kastelz' circumstances should have known that Plaintiff's claims were "not warranted by existing law[] or a good faith argument for the extension, modification, or reversal of existing law." Williams, 2007 WL 641328, at *4.

Given the well-known doctrine of *res judicata* and the close relationship between the Plaintiff's claims in the earlier and instant actions, a reasonable attorney in Kastelz' position would have known—or would have discovered—that Plaintiff's claims were not warranted by existing law. As for whether a reasonable attorney in his position would have known that Plaintiff's claims were not warranted by an "extension, modification, or reversal of existing law," Kastelz contends that the arguments within the "Public Policy" section of Plaintiff's complaint justified the suit. (Doc. 28.) Although Kastelz did present arguments discussing why the tort claims he asserted were viable causes of action, he did not present any arguments stating why the doctrine of *res judicata* should not preclude the instant action. (Compl., Doc. 1-1.)

Regardless of whether such arguments were present, a reasonable attorney in Kastelz' position would have known that Plaintiff's claims were not warranted by extension, modification, or reversal of existing law. The doctrine of *res judicata* exists to "bar[] the filing of claims which were raised or could have been raised in an earlier proceeding," and here,

7

the present claims could have been brought in the previous suit. Ragsdale, 193 F.3d at 1238. Therefore, had it permitted these claims, the Court would have thwarted the purpose of *res judicata*.

Finally, it should also be noted that within Plaintiff's show cause memorandum (Doc. 28), Kastelz states that Plaintiff's causes of action in the present case had "nothing to do with the interpleader filed by the Defendants in the previous case." However, regarding Plaintiff's negligence claim, Kastelz asserted that "Defendant[s] breached their duty to Plaintiff by *filing the interpleader*." (Compl., Doc. 1-1)(emphasis added.) Regarding Plaintiff's tortious interference claim, Kastelz asserted that "Defendant[s] inducted [sic] the parties to breach their agreement *by filing an interpleader*." (Id.)(emphasis added.)

In sum, Kastelz' conduct in maintaining this suit is sanctionable.[1]

---

[1] Although Kastelz originally filed Plaintiff's complaint in state court, Rule 11 sanctions are applicable because Kastelz filed a copy of Plaintiff's complaint and a motion to remand in federal court. See Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994)("[A]lthough [Plaintiff's] complaint, which was filed in state court, cannot be the basis of a Rule 11 violation, any subsequent federal filings . . . are sanctionable if they resulted in the continuation of a baseless lawsuit.").

## B. Sanctions Imposed

Under Rule 11, sanctions may include (1) "nonmonetary directives"; (2) "an order to pay a penalty into court"; or (3) "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Yet, sanctions must be limited to what "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id. Furthermore, in determining sanctions, the Court must consider the sanctioned party's ability to pay. Baker, 158 F.3d at 529.

Based on the circumstances in this case, Kastelz should pay some part of the attorneys' fees, costs, and expenses that Defendants have incurred. With its Memorandum Detailing Fees, Costs, and Expenses (Doc. 29), Defendants represent that they have incurred $22,500.00 in attorneys' fees and $577.08 in expenses and costs. Nevertheless, Kastelz is sanctioned in the amount of $2,827.08.

While Defendants may have incurred attorneys' fees, costs, and expenses greater than this amount, the Court cannot award an amount in excess of that needed to deter Kastelz and others from practicing in this fashion. After due consideration, the Court

believes that this sanction presents a reprimand and a financial burden sufficient to deter Kastelz and other attorneys in the future. Additionally, though Kastelz did not provide the Court with details regarding his ability to pay, the Court, when considering Kastelz' representation of Plaintiff in multiple actions in multiple jurisdictions, deems that Kastelz is able to pay the assessed sanction. See Taylor v. Gaither, No. Civ. A. 00-360, 2001 WL 435873, at *5 (S.D. Ala. March 22, 2001) (holding that court does not have to consider violating party's ability to pay when the party did not raise inability to pay as a defense), aff'd, 273 F.3d 116 (11th Cir. 2001).

### III. CONCLUSION

Upon the foregoing, the Court **GRANTS IN PART** Defendants' motion for sanctions (Doc. 18) and **ORDERS** Thomas Kastelz to pay $2,827.08 directly to Defendants **no later than October 31, 2015**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of October, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA